IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sarah Midgett, ) | |
| ) | C.A. No. 2:08-cv-2162-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Charleston County Sheriff's Office and J. ) | |
| Al Cannon, Jr., as Sheriff of Charleston ) | |
| County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Sarah Midgett filed the within action on June 10, 2008 against the Charleston County Sheriff's Office and J. Al Cannon, Jr., as Sheriff of Charleston County (collectively Defendants), alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*; retaliation for protected activity in violation of Title VII; and violations of 42 U.S.C. § 1981. This case is before the court on Defendants' motion for summary judgment, which was filed on July 10, 2009. On August 10, 2009, Plaintiff responded. On September 3, 2009, Defendants replied.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On September 22, 2009, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted except as to Plaintiff's cause of action for sexual harassment in violation of Title VII. The Magistrate Judge further recommended that the Charleston County Sheriff's Office be stricken from the caption of the case as not *sui juris*, not capable of suing or being sued in its own right. On October 8, 2009, Defendants filed an objection to the Magistrate

Judge's Report and Recommendation, arguing that the Magistrate Judge erred in concluding that a material issue of fact exists regarding whether Deputy Robert Smith, the alleged harasser, was Plaintiff's "supervisor" so as to impute liability to the Sheriff. On October 23, 2009, Plaintiff responded to Defendants' objection. On November 3, 2009 Defendants replied.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has considered the pleadings, motion, memoranda, deposition testimony, and other exhibits offered by the parties in support of their respective positions. The court concludes that Defendants' motion for summary judgment should be granted with respect to all claims except Plaintiff's claim for sexual harassment in violation of Title VII.

## I. FACTS

The facts as viewed in the light most favorable to Plaintiff are discussed thoroughly in the Report and Recommendation. Briefly, Plaintiff has been employed since October 2004 as a Deputy in the Charleston County Sheriff's Office. In February 2007, Plaintiff applied for and received a promotion to the rank of Deputy First Class. In April 2007, Plaintiff applied for and received a lateral transfer from her patrol position to the Narcotics Unit (Metro). Plaintiff was assigned a Field Training Instructor (FTI), Deputy Robert Smith (Smith). Smith is the husband

of Assistant Sheriff Andrene Coury-Smith, who reports directly to Defendant Cannon in the chain of command.

After two weeks, Smith began making sexual comments[1] to Plaintiff. According to Plaintiff, she immediately told Smith that she did not like the comments and she wanted him to stop. However, Smith allegedly continued to make these comments several times a week. Plaintiff did not tell Smith to stop again and did not tell anyone about the comments for at least another two weeks because she "hoped it would eventually stop."

On May 21, 2007 Plaintiff met with her supervisor, Sergeant Mike Anderson (Anderson), and Smith. At this meeting Plaintiff allegedly told Anderson about the comments. Smith ceased making sexual comments for a several days, but then resumed making sexual comments. Plaintiff did not report that Smith continued to harass her to anyone in her chain of command.

After the May 21, 2007 meeting, Smith on two separate occasions told Plaintiff to do push-ups in the Metro squad room in front of him and other male deputies. Plaintiff did not report these incidents to her supervisors. A week or two after the May 21, 2007 meeting, Plaintiff ceased training with Smith and began training directly with Anderson, which continued until June 18, 2007. From June 18, 2007 until about June 28, 2007, Plaintiff trained with the separate Metro Vice Unit.

On June 27, 2007, Plaintiff met with her former patrol supervisor, Sergeant Naomi Morris (Morris). Plaintiff told Morris about Smith's harassment and requested a transfer back to patrol. Morris told Plaintiff that Smith's comments could constitute sexual harassment and

---

[1] These comments allegedly include the phrases "happy tits," "beer tits," "are you on the rag," "pull the tampon out," and "wipe (or get) the sand out of your pussy."

encouraged Plaintiff to report the incidents to Lieutenant George Karges, which she did. On June 28, 2007, Karges reported the allegations to Inspector Kevin Whited of the Internal Affairs Unit, who initiated a formal investigation. That same day, Plaintiff was transferred out of Metro at her own request. Inspector Whited's investigation culminated in a report summarizing his conclusion that Smith's conduct violated the Office's conduct standards for officers. Major Thomas Honan discussed the problems with Smith and the need for improvement, and on July 30, 2007, issued a formal letter of reprimand to be included in Smith's personnel file. In addition, Smith was suspended from serving as an FTI for six months subject to review at the end of that period.

On October 4, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On her Charge form, Plaintiff indicated that she was the victim of sex discrimination, but did not indicate that she was the victim of retaliation. Plaintiff's narrative explaining her Charge stated:

> I was hired in October 2004 as a Deputy Sheriff by the above named employer. In May 2007, I applied for and was afforded the Narcotics Investigator position. From May 2006 through June 30, 2007, I was subjected to a hostile work environment by being harassed, sexually harassed, and having to endure physical hazing by my immediate supervisor, Detective Rob Smith, Training Officer. Detective Smith would address me with derogatory sexual comments in the presence of my male co-workers. I complained to Lieutenant G.W. Karges. Due to the great stress created by the hostile environment I was subjected to, I requested and received a transfer from my METRO assignment back to B-Patrol North.
>
> Detective Smith gave me no reason for subjecting me to the hostile environment.
>
> I believe that I have been discriminated because of my sex, female, in violation of Title VII of the Civil Rights.

After an investigation, the EEOC found no cause to believe that Plaintiff had been

4

discriminated against because of her sex. The EEOC finding made no mention of any claim of retaliation or investigation thereof.

## II. DISCUSSION

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. Pro. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir.1991). All that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

The Magistrate Judge found in the Report and Recommendation that the Charleston County Sheriff's Office is not *sui juris* and recommended that this party be dismissed as a named Defendant. The Magistrate Judge also recommended that Plaintiff's § 1981 cause of action be

dismissed because Plaintiff's attorney conceded this claim at oral arguments. Plaintiff did not object to this recommendation. In the absence of objections, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has carefully reviewed the record and concurs in the Magistrate Judge's conclusions. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this 'office' is simply an agency.").

The Magistrate Judge also recommended that Plaintiff's claim for retaliation be dismissed for failure to exhaust administrative remedies. The Magistrate Judge noted in particular that Plaintiff did not check the "retaliation" and "other" boxes on her EEOC charge form. The Magistrate Judge also noted that a reading of Plaintiff's narrative statement reveals no allegation of retaliation, and that Plaintiff did not otherwise allege facts that would have put Defendants or the EEOC on notice that she was charging Defendants with retaliation. The Magistrate Judge found that Plaintiff's retaliation claim is not sufficiently related to her charge such that it would have been expected to follow from an investigation of Plaintiff's sex discrimination claim. Plaintiff did not object to this finding. As was noted above, in the absence of objections, this court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. Nevertheless, the court has carefully reviewed the record and concurs in the Magistrate Judge's conclusion that this claim should be dismissed for failure to exhaust administrative remedies.

With regard to Plaintiff's claim of sexual harassment in violation of Title VII, the

Magistrate Judge recommended that summary judgment be denied because there are genuine issues of material fact that require submission to a jury. Specifically, the Magistrate Judge found genuine issues of material fact as to whether: 1) the harassing conduct was sufficiently severe or pervasive to alter the terms and conditions of employment, 2) the complained of conduct was unwelcome, 3) Smith was Plaintiff's supervisor for purposes of imputing liability to Defendants, and 4) whether Defendants are liable under a negligence standard.

Defendants object to the Magistrate Judge's finding that there is a genuine issue of fact regarding whether Smith was Plaintiff's co-worker or supervisor. Defendants concede that the parameters of Smith's actual authority over Plaintiff is an issue of fact. Defendants argue, however, that as a matter a law, Smith cannot be Plaintiff's supervisor for the purposes of imputing liability to Defendant Cannon for Smith's alleged harassment because a supervisor must hold or exercise authority to hire, fire, promote, demote, transfer or discipline an employee, and it is undisputed that Smith had no such power.

The question of whether an employee is a supervisor for the purposes of sexual harassment claims is a question of fact. *Noviello v. City of Boston*, 398 F.3d 76, 95 (1st Cir. 2005) (citing *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 478 (7th Cir. 2004)). In *Mikels v. City of Durham*, 183 F.3d 323, 332-33 (4th Cir. 1999), the Court of Appeals for the Fourth Circuit found that in determining the alleged harasser's supervisory status, the main factor is whether the alleged harasser's conduct was "aided by the agency relation" or "whether as a practical matter [the alleged harasser's] employment relation to the victim [is] such as to constitute a continuing threat to . . . employment conditions that made [the victim] vulnerable to and defenseless against the particular conduct in ways that comparable conduct by a mere

co-worker would not." The *Mikels* court indicated that the most powerful sign of supervisory status is the ability "to take tangible employment actions against the victim, *such as* 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id.* at 333 (emphasis added). However, the *Mikels* court also indicated that other, lesser supervisory powers might aid particular acts of harassment by a supervisor and that a victim's response might be probative of whether the agency authority of the harasser contributed to the harasser's conduct. *Id.* Thus, contrary to Defendants' arguments, it is not necessary for the imputation of liability to an employer that a supervisor possess the power to "hire, fire, promote, demote, transfer, or discipline," so long as the harasser has the power to constitute a threat to the victim's employment conditions.

In *Mikels*, the Fourth Circuit concluded that the alleged harasser lacked the necessary supervisory authority to impute liability to the employer because "any authority possessed by [the alleged harasser] over [the victim] was at best minimal." *Mikels*, 183 F.3d at 334. The Fourth Circuit took note of several facts in coming to this conclusion, including: 1) that the harasser was only the victim's superior in rank; 2) that the harasser's authority did not include the power to take tangible employment actions against the victim and instead would only involve the occasional authority to direct the victim's operational conduct while on duty; 3) that the victim was not isolated from the continuing protective power of higher management in the Department; and 4) the victim demonstrated a lack of any sense of special vulnerability to harassment by the alleged harraser/supervisor. *Id.* at 334.

In *Nye v. Roberts*, 145 F. App'x 1 (4th Cir. 2005), the Fourth Circuit concluded that a principal did not possess sufficient authority over a school psychologist to impute liability to a

school board when: 1) the principal worked at a school that the psychologist visited only two days a month, 2) the school psychologist reported to representatives of the school board, and 3) the psychologist identified another person as her supervisor. *Id.* at 5. The court specifically noted that there was no evidence that the principal evaluated the psychologist, or directed her daily work. *Id.*

The Magistrate Judge based the finding of a genuine issue of material fact as to Smith's supervisory power on the following facts: 1) it was Smith's job to show Plaintiff, as a trainee, how to perform the work, 2) Smith had significant control of Plaintiff's work, 3) Smith was to determine if and when Plaintiff was prepared to work without an FTI, and 4) Major's Honan's letter of reprimand to Smith stated: "you have been granted authority and control over the Sheriff's Office employees entrusted to you during their training. This is, in every important respect, a supervisory position."

While Smith may not have had the power to hire, fire, promote, demote, transfer or discipline Plaintiff, he could, unlike the principal in *Nye*, give Plaintiff poor evaluations and control her day-to-day workload. In addition, there is evidence in the record that Plaintiff did not wish to file a complaint against Smith because Plaintiff feared the repercussions of such action. The court concludes that a genuine issue of fact exists as to whether Smith was Plaintiff's supervisor for the purposes of imputing liability to Defendant Cannon. Defendants' objection is without merit.

The Magistrate Judge did not make a finding as to whether there is a genuine issue of fact with regard to whether Plaintiff was discriminated against "because of" her sex. *See* 42 U.S.C. § 2000e-2(a). The critical issue in the "because of sex" inquiry is "whether members of one sex

are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). A trier of fact may reasonably find discrimination when "a female victim is harassed in such sex-specific and derogatory terms . . . as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace." *Id.* There is a difference between harassment that involves sexual references and harassment that is sexually motivated; Title VII is only concerned with the latter. *Id.*

In the court's view, a jury question exists as to whether Smith's comments and actions were directed at Plaintiff "because of" her sex.

### III. CONCLUSION

The Charleston County Sheriff's office is dismissed as a Defendant in this case because it is not *sui juris*. Defendants' motion for summary judgment is **granted** as to Plaintiff's causes of action for retaliation in violation of Title VII and violations of 42 U.S.C. § 1981. Defendants' motion for summary judgment is **denied** as to Plaintiff's cause of action for sexual harassment in violation of Title VII.

**IT IS SO ORDERED.**

                                                    s/ Margaret B. Seymour
                                                   United States District Judge

December 17, 2009
Columbia, South Carolina