IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sarah Midgett, | ) | |
| | ) | C.A. No. 2:08-cv-2162-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| J. Al Cannon, Jr., as Sheriff of Charleston County, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| George Karges, | ) | |
| | ) | C.A. No. 2:08-cv-2163-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| J. Al Cannon, Jr., as Sheriff of Charleston County, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case is before the court on Plaintiffs Sarah Midgett ("Midgett") and George Karges' ("Karges") Motions to Consolidate filed in the above two actions on April 7, 2010. Entry 97 in Case No. 2:08-2162-1960 and Entry 89 in Case No. 2:08-2163. Defendant J. Al Cannon ("Sheriff Cannon") filed responses opposing these motions on April 26, 2010. Entry 103 in Case No. 2:08-2162-1960 and Entry 107 in Case No. 2:08-2163.

BACKGROUND

Plaintiffs Sarah Midgett ("Midgett") and George Karges ("Karges") both worked for J. Al Cannon ("Sheriff Cannon"). Midgett is still employed by Sheriff Cannon. Karges retired from Sheriff Cannon's office in March 2008.

Midgett filed her action on June 10, 2008 against the Charleston County Sheriff's Office and Sheriff Cannon, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*; retaliation for protected activity in violation of Title VII; and violations of 42 U.S.C. § 1981. Karges filed his action on June 10, 2008 against the same defendants[1] alleging: 1) retaliation for protected activity in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*; 2) hostile work environment in violation of Title VII and 42 U.S.C. § 1981; 3) constructive discharge in violation of Title VII and § 1981; 4) wrongful discharge in violation of South Carolina public policy; and 5) breach of contract.

On December 17, 2009, the court granted summary judgment in the Midgett case to Defendants on all causes of action except Midgett's cause of action for sexual harassment in violation of Title VII. On March 31, 2010, the court granted summary judgment in the Karges case to Defendants on all causes of action except Karges's claim for retaliation under Title VII.

## DISCUSSION

Rule 42 of the Federal Rules of Civil Procedure Provides: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Whether to consolidate cases is committed to the discretion of the court. *See Arnold v. Eastern Airlines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982). In *Arnold*, the Fourth Circuit found that the "critical question" in determining whether to consolidate cases is:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the

---

[1] The Charleston county Sheriff's Office has been dismissed as a defendant from both cases as not sui juris.

2

burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 193 (citing Fed. R. Civ. P. 42; 9 C. Wright & A. Miller, Fed. Prac. & Procedure: Civil § 2383 (1971)).

After considering these factors, the court concludes that the motions to consolidate should be denied. The court notes that while the cases may have some factual overlap in the background, Midgett and Karges have two distinct legal claims. To establish her sexual harassment claim, Midgett must prove: 1) that she was harassed because of sex, 2) that the harassment was unwelcome, 3) that the harassment was sufficiently severe or pervasive to create an abusive working environment, and 4) that some basis exists for imputing liability to Sheriff Cannon. *Greene v. A. Duie Pyle, Inc.*, 170 F. App'x 853, 855 (4th Cir. 2006). To prove his claim of retaliation, Karges must prove that: 1) he engaged in a protected act, 2) an adverse employment action was taken against him, and 3) there is a causal connection between the act and the adverse action. *See Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). These legal claims involve no common questions of law or fact. As result, the risk of inconsistent adjudications, if any, were the cases not to be consolidated, would be slight. Neither case is dependant upon the outcome of the other case. If Midgett were to prevail in her sexual harassment claim this would not be inconsistent with a finding for or against Karges in his case. If Karges were to prevail on his retaliation claim, this would not affect the outcome of Midgett's claim.

Moreover, although consolidation of the two cases would save judicial resources in that some of the witnesses would be the same, the court finds that the consolidation of these two cases would

likely result in juror confusion and prejudice to Sheriff Cannon. This is because it would be difficult for a jury to separately consider the evidence relevant to each case without taking into account additional information that may only be relevant and admissible with regard to the other case. Based upon the foregoing, the court finds that the risk of prejudice and juror confusion in consolidating these cases is not overborne by the benefits of judicial economy and the risk of inconsistent adjudication. Plaintiffs' Motions to Consolidate are therefore denied.

## CONCLUSION

Plaintiffs' Motions to Consolidate (Entry 97 in Case No. 2:08-2162-1960 and Entry 89 in Case No. 2:08-2163) are **denied**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

May 10, 2010
Columbia, South Carolina